IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a Pennsylvania Corporation,

      Plaintiff,

vs.                                                          No. 12-CV-0286 RB/CG

JOY JUNCTION, INC., a New Mexico
Corporation, and IAN K., a minor,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Joy Junction, Inc.'s Motion to Dismiss (Doc. 4), filed on April 27, 2012, and Defendant Ian K.'s Amended Motion for Dismissal or Stay (Doc. 8), filed on May 16, 2012. Jurisdiction arises under 28 U.S.C. § 1332. Having considered the submissions and arguments of counsel, the relevant law, and otherwise being fully advised, the Court declines to exercise its discretionary jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and deems it appropriate to stay this action pending the outcome of the parallel state court proceeding.

**I.**      **Background**

Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") brings this civil action to determine its insurance coverage obligations resulting from a claim by an individual, Ian K., against an insured, Joy Junction. Joy Junction is a homeless shelter providing services to individuals and families in Albuquerque, New Mexico. (Complaint for Declaratory Judgment, Doc. 1, at ¶ 9; State Court Complaint in *Higgins v. Reynalds*, D-202-CV-201204636, Doc. 8, Ex. 1, at ¶ 7). For some time in 2008, Ian K. and his family were residents of Joy Junction. (Doc. 1 at

¶ 9; Doc. 8, Ex. 1 at ¶ 8). On April 5, 2008, William Rattew, a Joy Junction employee and resident, forced Ian K. to perform sex acts at knifepoint. (Doc. 1 at ¶ 9; Doc. 8, Ex. 1 at ¶¶ 9-10, 13-15). That incident and Joy Junction's responsibilities regarding its employees and residents are the subject matter of the underlying claim.

Joy Junction had a general commercial and professional liability insurance policy through Philadelphia at the time of the incident. (Doc. 1 at ¶ 6). The policy included a general claim limit of $1,000,000. (*Id.*). It also included a limitation of liability for claims based on abuse or molestation, subjecting such claims instead to a $100,000 sublimit. (*Id.* at ¶ 8). In November of 2011, Ian K. had not yet filed a lawsuit against Joy Junction, but Joy Junction nevertheless requested that Philadelphia settle the claim. (*Id.* at ¶¶ 9-10; Plaintiff's Response to Joy Junction's Motion to Dismiss, Doc. 6, at 2). Philadelphia made a settlement offer of $100,000, the maximum it contends is available under the sublimit. (Doc. 6 at 2; Letter, Doc. 6, Ex. 1). The offer expired on November 16, 2011, and Ian K. did not accept it. (Doc. 6 at 2; Doc. 6, Ex. 1).

Philadelphia initiated this action on March 21, 2012, asking the Court to determine the maximum amount of insurance coverage available to Joy Junction in connection with Ian K.'s claim. (Doc. 1 at ¶ 12). Still no lawsuit had been filed on behalf of Ian K. (*Id.* at ¶ 9). In response to the complaint, Joy Junction filed a motion to dismiss contending that Philadelphia's action is premature because, absent a pending lawsuit by Ian K., no actual controversy had arisen. (Doc. 4 at 1-6). The motion further argues that, even if a justiciable controversy exists, other policy considerations favor dismissal. (*Id.* at 6-8).

While that motion was pending, Ian K. filed suit in the Second Judicial District for the State of New Mexico against Philadelphia, Joy Junction, and Joy Junction CEO Jeremy Reynalds. (Doc. 8 at 2; Doc. 8, Ex. 1); *see also Higgins v. Reynalds*, No. D-202-CV-201204636

2

(N.M.D.C. May 14, 2012). Ian K.'s complaint alleges various personal injury claims against Joy Junction and Mr. Reynalds and requests a declaratory judgment on the policy issue that Philadelphia raised before this Court. (Doc. 8, Ex. 1 at ¶¶ 32-59). A review of the "Register of Actions Activity" in the state case demonstrates that the parties have completed briefing on a motion to dismiss filed by Philadelphia and that Joy Junction and Mr. Reynalds have filed a cross-claim for declaratory relief. *See* New Mexico Courts Case Look-Up, https://caselookup.nmcourts.gov/caselookup/app (click on "Case Number Search" tab and type D-202-CV-201204636 into "Full Case Number") (last accessed Sept. 25, 2012).

Immediately after filing the state court case, Ian K. filed a motion to dismiss or stay in this Court. (Doc. 8). Ian K. asks the Court to decline jurisdiction under the Declaratory Judgment Act in favor of the parallel state court proceeding. (*Id.* at 1). He argues that the Court should not hear this declaratory action given that the state court proceeding is more expansive, will resolve all claims against all parties, and includes an additional defendant who is not a party to the federal action. (*Id.* at 6-8). Philadelphia's response focuses on its contention that it was improperly named in and should be dismissed from the state court proceeding; therefore, Philadelphia asserts, the Court should exercise jurisdiction to declare its obligations under the policy. (Plaintiff's Response to Ian K.'s Amended Motion to Dismiss or Stay, Doc. 10). In reply, Ian K. asserts that Philadelphia was properly named in the state court case and, as a result, the state court proceeding will adjudicate all claims raised in the federal action in addition to other necessary claims. (Defendant Ian K.'s Reply to Plaintiff's Response (Doc. 10) to the Amended Motion for Dismissal or Stay (Doc. 8), Doc. 15).

Joy Junction acknowledges that, due to Ian K.'s state court action, the central argument presented in its motion is moot. (Reply in Support of Defendant Joy Junction's Motion to

3

Dismiss). Nonetheless, Joy Junction rests on its argument related to other policy considerations and joins Ian K.'s request for a dismissal or stay pending the outcome of the state court proceeding. (*Id.* at 2).

## II.     Legal Standards

The Declaratory Judgment Act vests federal courts with authority to declare the rights and legal relations of interested parties to an actual controversy within the court's jurisdiction. 28 U.S.C. § 2201(a). While this statute confers upon federal courts the power and competence to issue a declaratory judgment, the question of whether the court should exercise that power in a particular case is left to the sound discretion of the district court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995) (affirming ruling of *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)); *see also St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995) (citations omitted). In this circuit, courts consider five factors to determine whether to exercise their discretion to hear a declaratory action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 980-81 (10th Cir. 2012) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)) (hereinafter referred to as "the *Mhoon* factors").

## III.    Analysis

The primary dispute between the parties in the consideration of each *Mhoon* factor revolves around whether or not Philadelphia is a proper party to the state litigation. Philadelphia

4

filed a motion to dismiss in state court, presumably for the same reasons it presented to this Court in arguing that it is not a proper party. It is undisputed that Philadelphia is named as a defendant in the state court proceedings. It is further undisputed that the same issue for declaratory judgment that is presented to this Court has been presented to the state court. By asking the Court to accept jurisdiction on the basis that Philadelphia is an improper defendant in the state action, Philadelphia essentially asks this Court to rule on the pending state court motion. Such a ruling would surely generate friction between the state and federal courts and increase the possibility of inconsistent rulings. Accordingly, the Court will not determine whether Ian K.'s claim may proceed against Philadelphia in state court; rather, the Court will assume that the claim is viable for purposes of analyzing the *Mhoon* factors.

   1. *Consideration of the* Mhoon *factors*

The first two *Mhoon* factors "are necessarily driven by the degree of identity of parties and issues in the concurrent proceedings. Without some degree of similarity between the proceedings, a federal declaratory judgment will likely not settle the controversy between the parties, nor would it clarify all the legal relations at issue." *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002). While the Court's decision in this case would settle the coverage dispute between Philadelphia and the Defendants, it would not settle the entire controversy. Even with the declaratory judgment, various issues of liability and damages would remain undecided. Because Philadelphia is currently a party to the state action, it is at least possible that the coverage issue will be decided in state court along with all other issues of liability and damages. Similarly, while the declaratory judgment sought by Philadelphia would clarify its legal duties related to coverage, it would have no bearing on the other related issues that are currently pending in the state court action.

Next, the Court finds that neither party has attempted to have their issue decided in a particular court for purposes of procedural fencing or a race to *res judicata*. Of course, the parties have their own preferences for a particular forum, but there is no evidence that either party attempted to manipulate the courts. Philadelphia was in limbo for months after its settlement offer expired before bringing the present action; it did not rush to the federal court. On the other hand, the fact that Ian K. named Philadelphia as a defendant to the state court proceeding is not evidence of procedural fencing. At this point, it more aptly demonstrates an attempt to litigate all claims against all parties in a single action. Whether the joinder of Philadelphia was improper, as Philadelphia contends, is a question before the state court. If the state court finds that it was clearly improper, this determination may be revisited.

With regard to friction between the state and federal courts and the issue of encroachment, the Court in *Brillhart* indicated that a federal court might be "indulging in gratuitous interference" by permitting a federal declaratory action to proceed when there is a parallel state court case involving the same parties and addressing the same issue. 316 U.S. at 495. While this Court is certainly competent to interpret state law, it is not required to do so under the Declaratory Judgment Act. Here, there is no dispute that the coverage question raised by Philadelphia is a question of purely state law. The issue of state law raised in this case is better decided by the state court, and this issue and all parties are currently before the state court in the concurrent proceeding. Any ruling by this Court could result in friction between the courts and constitute encroachment on the state court proceedings. Furthermore, if this Court were to exercise jurisdiction over Philadelphia's declaratory judgment action, there would be two cases decided by separate courts using the resources of both judicial systems. Assuming that all parties to this case remain parties to the state court proceeding, a decision by the state court on the

merits will eliminate the need for a decision in the federal court. This outcome best serves the interest of judicial economy.

In summary, four of the five *Mhoon* factors weigh in favor of abstention, and the remaining factor is neutral. For the above reasons, the issues presented by this federal action are best left to the parallel proceeding in state court, and the Court declines jurisdiction in an exercise of its discretion under the Declaratory Judgment Act.

### 2. Proper Remedy

The Tenth Circuit has advised that, once a district court determines that it should not exercise jurisdiction over a declaratory action, a stay is often the preferable remedy. *City of Las Cruces*, 289 F.3d at 1192. Prognostication is required in evaluating the *Mhoon* factors, and a stay allows the court to "quickly reconsider whether the state forum remains the best in which to hear the federal parties' claims should the court's predictions regarding the scope of the state proceedings turn out to be erroneous." *Id.* (citations omitted). A stay is also appropriate where there is a significant possibility of delay in the state proceedings or a risk of a time bar if the federal action is dismissed and refiled. *Id.* (citation omitted).

The state court has not yet determined whether Philadelphia is a proper defendant and whether the claim against Philadelphia is viable. If Philadelphia is dismissed from the state court proceeding, this Court's analysis would change substantially. Accordingly, the proceedings in this case are stayed pending the outcome of the state court proceedings in *Rachel Higgins v. Reynalds.*, No. D-202-CV-201204636. Counsel for Philadelphia is directed to file a notice in this case within five business days of a resolution of the claims against Philadelphia in the state court case.

**THEREFORE,**

**IT IS ORDERED** that Defendant Joy Junction's Motion to Dismiss (Doc. 4) is **DENIED AS MOOT**, Defendant Ian K.'s Amended Motion for Dismissal or Stay (Doc. 8) is **GRANTED IN PART** and **DENIED IN PART**, and this case is **STAYED** pending resolution of the claims against Philadelphia in the parallel state court proceeding before the Second Judicial District for the State of New Mexico.

**IT IS FURTHER ORDERED** that counsel for Philadelphia shall notify the Court within five business days of a resolution of the claims against Philadelphia in the state court proceeding.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**